BRENT P. LORIMER (A 3731); Email: blorimer@wnlaw.com
DAVID P. JOHNSON (13260); Email: djohnson@wnlaw.com
WORKMAN │ NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Attorneys for Plaintiff
Orbit Irrigation Products, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>MELNOR, INC., a Delaware corporation,<br><br>Defendant. | **COMPLAINT AND DEMAND FOR JURY**<br><br>Civil Action No. 1:16-cv-00137-PMW<br><br>Honorable Paul M. Warner |

Plaintiff Orbit Irrigation Products, Inc. ("Orbit") complains and alleges against Defendant Melnor, Inc. ("Melnor") as follows:

**THE PARTIES**

1. Orbit is a corporation organized and existing under the laws of the State of Utah, having an office and principal place of business at 845 North Overland Rd., North Salt Lake Utah, 84054. Orbit is a manufacturer of, *inter alia*, irrigation timers.

2. Melnor is a corporation organized and existing under the laws of the State of Delaware, having an office and a principal place of business at 260 West Brooke Road,

Winchester, VA 22603. Melnor also manufactures and sells, *inter alia*, irrigation timers. Among the irrigation timers Melnor sells are model numbers 53280, 53100, and 53015, 33100, 33015 and 33280 ("the Accused Products").

## NATURE OF THE CLAIMS

3.     This is an action for injunctive relief and damages arising out of patent infringement by Melnor of U.S. Patent No. D750,977 (the "'977 Patent"), owned by Orbit.

## SUBJECT MATTER JURISDICTION

4.     This action arises under the patent laws of the United States, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281, 283, 284, and 285.

5.     This Court has subject matter jurisdiction over Orbit's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## PERSONAL JURISDICTION AND VENUE

6.     Melnor sells and offers for sale the Accused Products in this district, and has thereby committed tortious acts in this district and availed itself of the privilege of doing business under the laws of the State of Utah. Among other things, Melnor advertises that the Accused Products are available through Home Depot, which sells the Accused Products in this district.

7.     Utah customers who visit the Melnor website (www.melnor.com) and click on the "Products," "Watering Tools" and "AquaTimers" links will be led to a page displaying three of the infringing products, Melnor Model Numbers 53280, 53100 and 53015, as depicted below and in Exhibit A hereto:



8. Clicking on any one of the above images of the Accused Products leads the consumer to a page displaying information about the product and a "Where to Buy" link. The "Where to Buy" link leads the consumer to a page where the first entry is the Home Depot, who Melnor describes as a "Melnor retailer":



See, Exhibit B attached hereto.

9. Clicking on the Home Depot link leads the consumer to a page displaying Melnor products available for sale in Home Depot stores in Utah with a "View Pickup Options" link

3

placed near each product.  The Melnor Model 53280-HD product, for example, appears below with the referenced "View Pickup Options" link:



See, Exhibit C, page 2, attached hereto.

10. When a consumer in Salt Lake City clicks on the "View Pickup Options" link, the following window appears, informing the consumer that she may order the infringing Melnor product and pick it up at the Home Depot store located at 328 West 2100 South, in Salt Lake City, Utah:



11. As set forth below, the Accused Products infringe the '977 Patent.  Based on the foregoing, Melnor has committed tortious acts within the State of Utah, including, but not limited

4

to, the sale and offer for sale of the Accused Products within this district. This Court has personal jurisdiction over Melnor pursuant to Fed.R.Civ.P. 4(k)(1)(A) and Utah Code Ann. § 78B-3-205. This Court's exercise of personal jurisdiction over Melnor is consistent with the Constitution of the United States.

12. Venue is proper in this district pursuant to at least 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district and/or Melnor has committed acts of infringement within the State of Utah by selling and/or offering to sell the Accused Products through Home Depot and other established distribution channels, including a variety of nationwide retailers.

## FACTUAL BACKGROUND

13. Various ornamental aspects of a line of Orbit's irrigation timers (the "Orbit Irrigation Timers") are protected, *inter alia*, by U.S. Design Pat. No. D750,977 (the "'977 Patent"). A copy of the '977 Patent is attached as Exhibit D. Orbit is the owner and assignee of all right, title and interest in and to the '977 Patent.

14. The Orbit Irrigation Timers sold by Orbit have been extremely successful and well received by consumers. Orbit has sold literally hundreds of thousands of the Orbit Irrigation Timers. The Orbit Irrigation Timers, which include Orbit product nos. 24600, 24713, 24713P and 24723, have been sold through nationwide retailers. Images of representative Orbit products are attached hereto as Exhibit E.

15. In contrast to the many irrigation timers that have been on the market for decades, Orbit's Irrigation Timers include a unique and highly recognizable design feature that is not found elsewhere in the irrigation timer market. The unique nature of this design feature is

5

corroborated, for example, by the United States Patent and Trademark Office finding that the claimed design of the '977 Patent is new and not obvious and issuing the '977 Patent.

16. Melnor manufactured and sold irrigation timers for a number of years, which were different in appearance from the Orbit Irrigation Timers. After Orbit had achieved commercial success with the Orbit Irrigation Timers, Melnor made a pronounced change to its designs and began to market the Accused Products, which include copies of the ornamental features found in Orbit's Irrigation Timers and claimed in the '977 Patent. In particular, Melnor began advertising, selling and/or offering for sale the Accused Products through major national retailers, such as the Home Depot, Amazon.com, Walmart and Sears.

17. The Accused Products include design features that are substantially the same as the claimed subject matter of the '977 Patent, as illustrated in the example provided below:

| The '977 Patent<br>(Only the portions in solid lines are claimed) | Melnor Product No. 53100 |
|---|---|
| FIG. 2 | |

18. As demonstrated above, the design of the Accused Products is substantially the same as the claim of the '977 Patent such that an ordinary observer purchasing an Accused Product would believe that she had purchased the patented Orbit design.

19. Melnor has engaged in an extensive campaign to sell and/or offer to sell the Accused Products in competition with the Orbit Irrigation Timers, and in violation of the '977 Patent.

## COUNT I
## PATENT INFRINGEMENT
## (35 U.S.C. § 271)

20. Orbit repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

21. Orbit is the exclusive owner and assignee of all right, title and interest in and to the '977 Patent. The '977 Patent is duly and properly issued by the U.S. Patent and Trademark Office and is valid and enforceable.

22. Each of the Accused Products includes a design feature that is substantially the same as the ornamental design claimed in the '977 Patent to an ordinary observer giving such attention as a purchaser usually gives such that an ordinary observer would be deceived into purchasing one of the Accused Products believing that the patented product had been purchased.

23. Melnor has infringed and continues to infringe the claim of the '977 Patent by importing, making, using, selling and/or offering to sell the Accused Products, and Melnor will continue to do so unless enjoined by this Court.

24. On information and belief, Melnor's infringement has been willful.

25. Melnor's activities constitute infringement of the '977 Patent without authority or license from Orbit and in violation of Orbit's rights pursuant to 35 U.S.C. § 271.

26. Melnor's infringement of the '977 Patent has caused irreparable injury to Orbit, entitling Orbit to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

27. Melnor's infringing activities entitle Orbit to an award of damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Melnor under 35 U.S.C. § 284.

28. Alternatively, Orbit is entitled to recovery of Melnor's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

## COUNT II
## STATE UNFAIR COMPETITION
## (Utah Code Ann. § 13-5a-101 et seq.)

29. Orbit repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

30. Melnor by its actions set forth above has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent intentional business act or practice and that constitute infringement of a patent, trademark or trade name. Such unlawful intentional business acts or practices include the unlawful and intentional copying of designs engineered and popularized by Orbit.

31. Melnor's actions as set forth above gives rise to a cause of action for unfair competition under the statutory law of the State of Utah, including at least Utah Code Ann. § 13-5a-101, et seq.

32. Melnor's activities as set forth above entitle Orbit to an award of actual damages, costs and attorneys' fees and, if the Court determines that the circumstances are appropriate, punitive damages under Utah Code Ann. § 13-5a-103(1)(b).

## PRAYER FOR RELIEF

WHEREFORE, Orbit respectfully prays for final judgment against Melnor as follows:

A. Judgment finding that the '977 Patent is valid, enforceable and infringed by Melnor;

B. Preliminary and permanent injunctions against Melnor, its officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, enjoining them from directly or indirectly infringing in any manner the claims of the '977 Patent;

C. Judgment granting Orbit damages adequate to compensate it for Melnor's infringement of the '977 Patent, including an award of Melnor's total profits under 35 U.S.C. § 289, in amounts to be proven upon proper proof at trial;

D. Trebling of Orbit's damages pursuant to 35 U.S.C. § 284;

E. Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, together with an award of Orbit's attorneys' fees;

F. Judgment that Melnor has committed acts of unfair competition under Utah Code Ann. § 13-5a-103;

G. Judgment granting Orbit its reasonable attorneys' fees pursuant to Utah Code Ann. § 13-5a-103;

H.      Judgment granting Orbit punitive damages pursuant to Utah Code Ann. § 13-5a-103;

I.      Orbit's costs in bringing this action pursuant to all applicable federal, state and statutory law, including at least 35 U.S.C. § 284 and Utah Code Ann. § 13-5a-103;

J.      Prejudgment interest pursuant to all applicable federal, state and statutory law, including at least 35 U.S.C. § 284;

K.      Post-judgment interest pursuant to all applicable federal, state and statutory law, including at least 28 U.S.C. §1961(a);

L.      For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Orbit demands a trial by a jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 23rd day of September, 2016.

WORKMAN NYDEGGER


By      */s/ Brent P. Lorimer*
         BRENT P. LORIMER (A 3731)
         DAVID P. JOHNSON (13260)
         60 East South Temple, Suite 1000
         Salt Lake City, UT  84111
         (801) 533-9800
         (801) 328-1707 (FAX)

Attorneys for Plaintiff
ORBIT IRRIGATION PRODUCTS, INC.